<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | |
| Plaintiff, | Civ. No. 07-1018 (DRD) |
| v. | <u>**O P I N I O N**</u> |
| MELEXIS GMBH and G.L. KAYSER AIRFREIGHT SERVICES GMBH, | |
| Defendants. | |

*Appearances by:*

TIMOTHY DONALD BARROW, Esq.
Grist Mill Square
148 Main Street, Bldg. 3
Lebanon, NJ  08833

    *Attorney for Plaintiff*

SILLS, CUMMIS, EPSTEIN & GROSS, PC
Jeffery J. Greenbaum, Esq.
Steven R. Rowland, Esq.
One Riverfront Plaza
Newark, NJ  07102

    *Attorneys for Defendant Melexis GmbH*

MARGOLIS EDELSTEIN
Emery Mishky, Esq.
Connell Corporate Center
300 Connell Drive, Suite 6200
Berkeley Heights, NJ  07922

_____*Attorney for Defendant G.L. Kayser Airfreight Services GmbH*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on the motions of Defendant Melexis GmbH ("Melexis") and Defendant G.L. Kayser Airfreight Services GmbH ("Kayser"), pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff XL Specialty Insurance Company's ("XL Specialty") Amended Complaint for lack of personal jurisdiction over the Defendants.  XL Specialty, a Delaware corporation with a place of business in Bloomfield, New Jersey, is the subrogated insurer of Vishay Intertechnology, Inc. ("Vishay") and Vishay (Philippines) Inc. ("Vishay Philippines"), who are not parties to this action.  Melexis is a German corporation that manufactures and sells semiconductors, sensors, silicon wafers, and related electronic systems.  Kayser, also a German corporation, provides transportation services for companies wishing to import or export freight or other cargo.

In its Amended Complaint, XL Specialty alleges that Melexis and Kayser have breached their contracts and defrauded its insureds, Vishay and Vishay Philippines, by knowingly shipping damaged goods to Vishay Philippines.  In response, both Melexis and Kayser assert that this Court lacks the necessary personal jurisdiction to adjudicate this matter because neither corporation has sufficient contacts with the State of New Jersey.  In the alternative, both Melexis and Kayser seek dismissal of the Amended Complaint on the basis of forum non conveniens.  Kayser also seeks dismissal pursuant to Federal Rule of Civil Procedure 19 for failure to join an indispensable party.  Because the Court concludes that neither general nor specific jurisdiction

can be established over the Defendants, Melexis's and Kayser's motions to dismiss for lack of in personam jurisdiction will be granted. The alternative grounds for dismissal need not be considered.

## BACKGROUND

In March 2005, Melexis agreed to sell to Vishay new silicon wafers and other products manufactured by Melexis. Under the terms of the sales agreement, the silicon wafers and other products were to be shipped by Melexis from its facility in Erfurt, Germany to Vishay Philippines in Manila, Philippines. Accordingly, Melexis made arrangements with Kayser for the shipment of silicon wafers and other products to Manila. Shortly thereafter, Melexis delivered the products to LS-Logistik Services, which serves as the warehousing agent of Kayser, in Frankfurt, Germany.

The silicon wafers, however, were received in Frankfurt by Kayser's warehousing agent, LS-Logistik Services, in a damaged condition. The damage to the shipment was reported to Melexis, but not to Vishay or Vishay Philippines. Instead, the products were wrapped in black plastic and prepared for air transport from Frankfurt to Manila. Kasyer then issued Melexis an international air waybill stating that the goods where in good condition.

When the goods were received in Manila, Vishay Philippines removed the black packaging. It found the contents of the shipment to be chipped, cracked, and otherwise unusable. Vishay, nevertheless, paid Melexis in full for the goods, believing that the terms of the sales agreement entitled Vishay to a new and undamaged shipment. Vishay, which had insured the shipment with XL Specialty, then made a claim on its insurance policy for the cost of the damaged goods.

Before the Complaint in this action was filed, there ensued correspondence between Kayser in Germany and XL Specialty's attorney in New Jersey. XL Specialty asserts that it learned of the alleged fraud during this correspondence.

## DISCUSSION

Pursuant to a subrogation agreement between XL Specialty and Vishay, XL Specialty has brought this action in the District of New Jersey to recover damages that it believes are owed by Melexis and Kayser to its insured, Vishay and Vishay Philippines. Defendants move to dismiss on the grounds, among others, that this Court lacks personal jurisdiction over them. Because XL Specialty has failed to demonstrate sufficient contacts with the forum state, the motions to dismiss will be granted.[1]

**A. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a complaint when jurisdiction over the defendant is lacking. In a diversity action such as this one, the district court determines whether personal jurisdiction exists by first looking to the forum state's long arm statute. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). A district court has personal jurisdiction over non-resident defendants "to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 31 (3d Cir. 1993). If the forum state's long arm statute would permit personal jurisdiction over a defendant, the district court must then determine whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. IMO Indus.,

---

[1] Because the Court lacks personal jurisdiction over Defendants, there is no need to address Defendants' alternative arguments of forum non conveniens and failure to join an indispensable party.

Inc., 155 F.3d at 259.

New Jersey's long arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process." IMO Indus., Inc., 155 F.3d at 259. Thus, in New Jersey, the inquiry is simply whether the exercise of personal jurisdiction would violate the Fourteenth Amendment's Due Process Clause. Under the Due Process Clause, personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Jurisdiction will only be proper when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State," ensuring that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The plaintiff bears the burden of establishing the defendants' contacts with the forum state that give rise to personal jurisdiction. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). When no evidentiary hearing is held on the motion to dismiss, the plaintiff need only present a prima facie showing of sufficient contacts with the forum state. Miller Yacht Sales, Inc. v. Smith, 348 F.3d 93, 97 (3d Cir. 2004). There are two ways that a plaintiff can establish personal jurisdiction: either by showing that the defendants had continuous and systematic contacts with the forum state (general jurisdiction) or by showing that the particular cause of action arose out of the defendants' activities within the forum state (specific jurisdiction). Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). In either case, the Court must take all of the plaintiff's allegations as true and resolve all factual disputes in favor of the plaintiff. Miller Yacht Sales, Inc., 348 F.3d at 97.

   1. **General Jurisdiction**

Defendants Melexis and Kayser assert that they have no contacts with New Jersey that are sufficient to give rise to general jurisdiction. General jurisdiction over a corporation is established when the corporation maintains contacts with the forum state that are both "continuous and systematic." Int'l Shoe Co., v. Washington, 326 U.S. 310, 316-17 (1945). The defendant's contacts with the forum state must be more than "mere minimum contacts"; they must be both substantial and continuous. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987). If the defendant is found to maintain sufficient contacts with the forum state, then the plaintiff's cause of action need not arise out of those contacts in order for jurisdiction to be proper. See id. at 438.

Melexis submits that it has no contacts of any kind with New Jersey. According to the affidavit of Francoise Chombar, the General Representative of Melexis GmbH, Melexis is a German manufacturing corporation with its principal place of business in Erfurt, Germany. (Chombar Aff. ¶ 3.) The Chombar Affidavit states that Melexis is not authorized to do business in New Jersey, nor does Melexis have a registered agent for services of process in the state; that Melexis has never owned property or maintained an office in New Jersey; that Melexis has no representatives or sales agents in New Jersey; that Melexis does not solicit business in New Jersey or derive any revenue from customers in New Jersey; and that Melexis maintains no bank accounts or telephone numbers in New Jersey. Id. ¶¶ 5-12.

Despite these sworn statements, XL Specialty argues that this Court is authorized to exercise general personal jurisdiction over Melexis because Melexis's parent corporation, Melexis NV, operates wholly-owned subsidiaries in the United States, Melexis Inc. and Melexis Detroit, which have offices in New Hampshire and Michigan, and because Melexis has availed

itself of the protections of United States law by applying for patents in the United States. These allegations, however, are insufficient to establish this Court's general personal jurisdiction over Melexis. The plaintiff must show that the defendant maintains contacts with the <u>forum state</u>, not simply with the United States. While XL Specialty's allegations indicate that there may be some connection between Melexis and some state within the United States, they do not establish a sufficient connection with the State of New Jersey, which is the forum state in this action.

XL Specialty does present one possible connection between Melexis and New Jersey: that Melexis sells goods in the United States through its representative, Future Electronics, which has a branch office in Mount Laurel, New Jersey. This contact, however, even if taken to be true, is too insubstantial to serve as the basis for this Court's general jurisdiction over Melexis. See <u>Provident Nat'l Bank</u>, 819 F.2d at 437 ("more than mere minimum contacts" are necessary to establish general jurisdiction). Not only has XL Specialty not established that Melexis's products were sold by Future Electronics in New Jersey, but moreover, it has failed to explain how the sale of Melexis's products by Future Electronics in New Jersey would translate into this Court's general jurisdiction over Melexis.[2]

Indeed, the Affidavit of Uwe Juhrich, an authorized signatory of Melexis GmbH, and Exhibit 1 to the Certification of Lisa Albert, state that Future Electronics in Mount Laurel, New Jersey is a branch location of Future Electronics, Corp., which is a corporation headquartered in

---

[2] To the extent that XL Specialty is attempting to rely on a "stream of commerce" theory to establish this Court's general jurisdiction over Melexis, this theory offers no assistance. The stream of commerce theory has been developed for the purpose of asserting specific jurisdiction over a defendant, not general jurisdiction. See <u>Pennzoil Prods. v. Co. Colelli & Assocs.</u>, 149 F.3d 197, 203 (3d Cir. 1998); <u>In re Wexco</u>, 2006 U.S. Dist. LEXIS 57411, **12-13 (D.N.J. Aug. 14, 2006).

Bolton, Massachusetts.  Future Electronics Corp. is itself a subsidiary of Future Electronics Inc., a Canadian corporation with its principal place of business in Pointe Claire, Canada.  Future Electronics Inc. has a distribution agreement with Melexis, Inc., the New Hampshire corporation and sister company to Melexis GmbH, but no contractual relationship with Melexis GmbH.  (Juhrich Aff. ¶ 3.)  Thus it is unlikely that, even if discovery were permitted, XL Specialty could persuade this Court to disregard the existence of these separate corporate entities for the purpose of establishing jurisdiction over Melexis.  See Fisher v. Teva PFC SRL, 212 Fed. Appx. 72, 76 (3d Cir. 2006) ("The activities of a parent company are imputed to the subsidiary only if the subsidiary is the parent's agent or alter ego."); Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601, 609 (D.N.J. 2004) ("It is well-established in New Jersey that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership.").  Therefore, since XL Specialty has been unable to make a prima facie showing of sufficient contacts with the forum state and would unlikely be able to do so through discovery, the Court concludes that it lacks general personal jurisdiction over Melexis.

     Kayser similarly maintains that it has no contacts with New Jersey that are sufficient to give rise to general jurisdiction.  According to the affidavit of Toni-Bert Pammer, the Managing Director of G.L. Kayser Airfreight Services GmbH, Kayser is a German transportation corporation with its principal place of business in Frankfurt, Germany.  (Pammer Aff. ¶¶ 2-3.)  The Pammer Affidavit states that Kayser is not authorized to do business in New Jersey, nor does Kayser have a registered agent for service of process in the state; that Kayser has never owned or leased any property in New Jersey; that Kayser has never maintained an office or employees in

New Jersey; and that Kayser does not possess a New Jersey phone number or bank accounts in the state.  Id. ¶¶ 4-9.

In response, XL Specialty argues that this Court is nonetheless authorized to exercise general personal jurisdiction over Kayser because Kayser holds itself out as having a "world-wide network of agents," including at least fifteen locations within the United States and at least two locations in the greater New York metropolitan area, and because Kayser is a transportation service provider for Federal Express Trade Networks, which is authorized to do business in New Jersey.  Based on these two averments, XL Specialty submits that Kayser is "most likely" engaging in substantial and continuous business in New Jersey.

Again, XL Specialty's allegations are too insubstantial on their face to give rise to general jurisdiction over Kayser.  XL Specialty has done nothing more than provide mere supposition that Kayser, through its trade partnership, has something other than a mere fortuitous relationship with New Jersey.  This is insufficient to establish general jurisdiction.  Rather, to establish general jurisdiction, XL Specialty must show Kayser's presence in the state through its continuous and systematic contacts with the forum.  See Int'l Shoe Co., 326 U.S. at 317.  Because XL has not met this burden, the Court concludes that it lacks general personal jurisdiction over Kayser.

### 2. Specific Jurisdiction

Even if general personal jurisdiction is found to be lacking, a defendant may still be subject to specific personal jurisdiction.  Specific jurisdiction is established when the plaintiff's "claim is related to, or arises out of, the defendant's contacts with the forum," Dollar Sav. Bank v. First Sec. Bank, 746 F.2d 208, 211 (3d Cir. 1984), and it would not be unreasonable, i.e., it

would comport with the traditional notions of fair play and substantial justice, for the court to assert jurisdiction over the defendant, Burger King Corp., 471 U.S. at 476.

XL Specialty's Amended Complaint alleges one count of fraud against both Melexis and Kayser for affirmatively concealing and knowingly shipping damaged goods to Vishay Philippines; one count of breach of contract against Melexis; and one count of gross negligence and willful misconduct in violation of its duties as a freight carrier against Kayser. XL Specialty, however, has failed to establish any deliberate contact between Defendants and the forum state that relates to its alleged causes of action. All of the conduct offered in support of the three causes of action occurred in either Germany or the Philippines; not in New Jersey. The contacts with New Jersey that XL Specialty does advance, namely communications made between Kayser's representatives and XL Specialty's counsel in New Jersey after the causes of action had accrued, are insufficient on their face.[3] See, e.g., IMO Indus., Inc., 155 F.3d at 260 n.3 ("[M]inimal communication between the defendant and the plaintiff in the forum state, without more, [do] not subject the defendant to the jurisdiction of that state's court system.").

Since XL Specialty's claims for relief do not arise out of any contact with New Jersey, it would not be fair or reasonable to expect Melexis or Kayser to defend the action here. Therefore, the Court lacks specific personal jurisdiction over both Melexis and Kayser.

---

[3] XL Specialty's assertion in its submissions and at oral argument that it discovered Defendants' alleged fraud in New Jersey as a result of its communications with Kayser does not create a connection with the forum state for the purpose of specific jurisdiction. Specific jurisdiction requires some purposeful availment of the forum state by the defendant, which gives rise to the plaintiff's cause of action. A cause of action does not arise, however, in the state where the attorney realizes that his client may have a claim for relief. Therefore, in this case, the state where the cause of action was discovered is irrelevant and cannot serve as a basis for specific jurisdiction.

**CONCLUSION**

As this Court has neither general nor specific jurisdiction over Defendants Melexis and Kayser, personal jurisdiction over Defendants is lacking and the action must be dismissed under Federal Rule of Civil Procedure 12(b)(2).  Therefore, Defendants' motions are granted and Plaintiff's Amended Complaint will be dismissed without prejudice.


                                                /s/ Dickinson R. Debevoise
                                                DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:  October 16, 2007